Francis X. Conlon, J.
Defendant moves for dismissal of the first cause of action, for insufficiency, and the second cause of action upon the ground of prior action pending. The latter action was instituted in a foreign jurisdiction and, in addition, it appears that that action was discontinued by voluntary dismissal entered on December 19,1960. The action is in negligence. The accident occurred in the State of New Jersey. It is alleged in the-first cause that the vehicle owned by the defendant Benito Lopez was operatéd by the defendant Visitación Lopez, with the permission, knowledge and consent of the defendant Benito Lopez. The defendant urges, in the absence of a statute similar to section 388 of the New York Vehicle and Traffic Law, that under the law of the State of New Jersey, “ The general rule is
*725 that the liability of one person for the negligence of another depends upon the contractual relation between the two of master and servant; and hence generally, in the absence of such relation, the owner of an automobile who entrusts it to another who is competent to operate it, is not responsible for the negligence of the borrower in the use thereof solely in his own business and affairs.” (Maiswinkle v. Penn Jersey Auto Supply Co., 121 N. J. L. 349, 350-351.)
A good cause of action is stated, and whether the vehicle was entrusted to a competent operator, and for whose use, must be left to trial. The motion is denied.